SHEARER v. GIBSON.

STATUTE OF FRAUDS—CONTRACT FOR SALE OF LAND—PART PER-
FORMANCE.

> Where, after a parol contract for the sale of a half interest in
> land had been entered into, the rent of the property was
> divided between the parties, and the vendee paid a portion
> of the cost of improvements, there was such a part perform-
> ance as would take the contract out of the statute of frauds.

Appeal from Wayne; Davis, J., presiding. Submitted
January 31, 1900. Decided March 27, 1900.

Bill by Joseph J. Shearer against Charles H. Gibson
for the cancellation of certain mortgages. Defendant filed
an answer in the nature of a cross-bill, praying for the
foreclosure of said mortgages. From a decree for defend-
ant, complainant appeals. Modified.

*Alfred Lucking*, for complainant.

*Edward J. Bowman* ( *George E. & M. A. Nichols*,
of counsel ), for defendant.

MONTGOMERY, C. J. In March, 1895, the complainant
was, and had been for several years, the owner of land
located in the township of Plymouth, in Wayne county,—
subject, however, to two mortgages thereon, which were
at that time held by Eliza H. Bird. These mortgages
were originally given to secure the payment of $3,000 and
$500, respectively. The complainant was also at this time
the owner, under a land contract made in 1885 by A. S.
Loomis, of Ypsilanti, of 28 acres of land in the township
of Greenfield, Wayne county, which was situated in the
suburbs of Detroit, and which was regarded in 1895 as
being very valuable for platting into city lots. On this
land contract, which was originally for $5,000, complainant

had paid $500 principal, and interest at the rate of 7 per cent. for 10 years, aggregating about $3,150; leaving a balance due on the same in 1895 of $4,500. At about this date defendant agreed to purchase of complainant a one-half interest in the Greenfield property for $4,500, of which defendant paid to complainant $780.15 in cash, and paid to the holder of the Bird mortgages the amount owing on them, and took an assignment of them to himself. The amount of this payment, added to the cash paid, made up the exact sum of $4,500. The amount remaining unpaid on the land contract was $4,500. The time for the payment of this was extended to October, 1900, and the rate of interest reduced from 7 per cent. to 6 per cent. This was done by a writing signed by Mr. Loomis, in which he agreed to execute a new contract to Mr. Shearer and Mr. Gibson. We are satisfied the assignment of the Bird mortgages was made to defendant to secure the performance by complainant of the obligation still resting upon him to pay $4,500, purchase price, to Loomis.

The defendant's counsel contend that the contract between complainant and defendant for the sale of a one-half interest in the land contract cannot be enforced or recognized, because, resting in parol, it is too indefinite and uncertain. It appears that, after the contract was made, the rent of the property was divided, and that the defendant paid a portion of the cost of improvements, so that there was a part performance of the contract,—in effect, a joint occupancy. The only circumstance that has occasioned doubt arises out of the understanding as to the security to defendant for the $780 advanced in cash. It was not expected that this would be repaid, but it was intended that the complainant would pay the $4,500 to Loomis; and defendant, by the assignment of the Bird mortgages to him, had security for the performance of this obligation only partially. The defendant suggested a new mortgage to cover the amount of the unpaid purchase price, but complainant wrote in reply, suggesting that a writing giving to defendant a lien on the half interest of

complainant in the 28 acres would be sufficient security. It is contended that the minds of the parties never met in this agreement, but we find that defendant acquiesced in this suggestion, and afterwards treated the 28 acres as joint property. True, the written agreement was never executed, but the explanation of this fact is found in certain negotiations between Loomis and defendant for an exchange, by which Loomis was to acquire defendant's interest in the 28 acres.

Although the testimony is conflicting, we find that Shearer has contributed $3,650 to the purchase of the 28 acres; that Gibson has contributed $4,500; that they are equal partners in the venture, subject to the right of each to a return of his capital contributed out of the first money realized; that it is the duty of Shearer to pay the Loomis claim of $4,500, and that Gibson holds the Bird mortgages as security for the payment by Shearer of the Loomis claim of $4,500; that complainant should execute an agreement in writing binding his half interest in the 28 acres as security for the performance of his obligation to pay the $4,500 to Loomis.

Neither the bill nor the answer sets up the contract as we have found it. We are disposed to permit an amendment of the bill, and direct a decree in accordance with this finding. Under the circumstances, no costs will be awarded for the proceedings in the court below. Complainant will recover costs of this court.

The other Justices concurred.